BARNS, Justice.
The appellee-plaintiff brought suit against the appellant-defendant for $1,225 upon the common counts to which appellee filed pleas denying the debt and a plea of compromise and payment. A verdict was rendered for the plaintiff of $875. After a remittitur of $200 was entered by the plaintiff pursuant to order on motion for a new trial defendant appealed.
The question for the court is whether the trial court erred in denying a motion for new trial and this depends upon whether or not the evidence discloses a compromise and settlement of the disputed claim. We think it does.
The testimony of every witness called, except the plaintiff, was to the effect that G. C. Wade disputed the correctness of Wenman’s claim, and Wenman’s testimony was that he paid the traveling expenses of his brother James and his sister Mahala in coming from Ohio at his request to see if they could negotiate a settlement of the controversy. They did.
James testified that he procured a compromise offer from Wenman of $2,000 to be secured by a mortgage due within one year without interest to which G. C. advised James that he would pay only $1,700, after which G. C. offered to split the difference, which made it $1,850. This was communicated to Wenman who refused to compromise further, whereupon Mahala, the sister, agreed to contribute the $150 necessary to make the settlement at $2,000 and upon this basis the mortgage and note were given.
James and Mahala arrived on August 2 and departed on August 7, 1950; they both testified that the items of this suit were items of the controversy and that it was expressly understood with Wenman that the settlement • covered everything and that Wenman promised that if the $2,000 settlement were made “that there won’t be any more dealings between us”.
The other witnesses learned of the negotiations as recapitulated, but it is not shown that any of them were present at the time of the initial offers and counter offers. Furthermore, it appears that they were not present when the understanding was initially reached.
The plaintiff-appellee did not deny receiving the mortgage and neither did he deny that it had been paid. He did not testify for what it was given. A pertinent portion of his testimony in this respect was as follows:
“Q. When your brother and sister and nephew came down from Ohio was there an attempt at that time to make a full and complete settlement? A. No, the boy got a settlement for his money and I was going to take one for mine and later on I decided to try to collect it all when I talked to you.
“Q. When they came down here wasn’t there some conversation about having a complete final settlement ? A. No, on the house only. I made that very plain and it had nothing to do with this other. That was separate and apart.”
He did not deny that the items of this suit were in controversy at the time the $2,000 settlement was reached, but did deny that they were in the settlement.
Courts favor a fair compromise and settlement of disputed claims when made in good faith. City of Coral Gables v. State, 128 Fla. 874, 176 So. 40; Florida East Coast Ry. Co., v. Thompson, 93 Fla. 30, 111 So. 525. A general settlement will be presumed to include all existing demands between the parties, imposing on the party claiming that certain items were not included the burden of proving that fact. Mabry v. Knabb, 151 Fla. 432, 10 So.2d 330.
The evidence is clear that the claim of the plaintiff-appellee was in controversy at the time of the giving of the note and *186 mortgage, that it was given' pursuant to negotiations between the litigants conducted through their brother and sister, James and Mahala, and the plaintiff failed to establish items totaling $2,000 or $1,850. Furthermore it appears, according to his own testimony, that after receiving the mortgage and talking to his lawyer -that he “decided to try to collect it all”.
Wherefore the judgment appealed is reversed for a new trial.
HOBSON, C. J., and TERRELL and MATHEWS, JJ., concur.